IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-JERSEY,

AT FEBRUARY TERM, 1839.

---

### GLENN v. GARRISON.

*Certiorari* to Cumberland Common Pleas, on appeal by plaintiff below.

A state oi demand in an action (therein styled *trespass*) charging "that the defendant took in his possession, certain goods and chattels, the property of the plaintiff, that he refused and still refuses to deliver them to the plaintiff, tho' requested, &c. and has converted them to his own use," sets out a case of *trover*.

In trover, a plaintiff's admission that the property claimed is a third person's, may be proved on the trial.

On an appeal, an execution on which the goods in controversy, were sold is inadmissible as evidence, unless supported by proof of a judgment; although not objected to in the justice's court.

Trover may be maintained for taking goods, whenever trespass will lie for it.

The injury complained of, and the *time* of doing it, should be laid,—in trover even in the court for the trial of small causes, although it is not essential that the time laid, be the true time of the act done.

VOL. II.                                  A

This case was argued at the November term, 1838, by

*D. Elmer,* for plaintiff.
*L. Q. C. Elmer,* for defendant.

D. Elmer contended that the state of demand is defective and variant from the summons, the latter being for *trover,* and the former in *trespass.*

That the common pleas erred in refusing to receive evidence that the plaintiff below admitted the property he sued for, was not his, but a third person's—11 *Johns. R.* 29; 14 *Id.* 128, 131; 13 *Id.* 326.

The plaintiff can recover only the damages, he sustained when there are several owners, 5 *East,* 420; 3 *Stark: Ev.* 1507; 2 *Green,* 8, *Hill* v. *Snowhill.*

L. Q. C. Elmer, *contra.* No reason is filed, on the variance between the summons and state of demand.—It is a technical objection, not made in the court below.

The cases cited are those of tenants in common.

Absolute ownership of property is not necessary, to maintain action of trover. The finder of it may keep it against all but the right owner, and may maintain trover for it. 1 *Str.* 505, *the jewel case—Peake's Ev.* by *Norris,* 498.

WHITE, J. It appears that in this case, the plaintiff here, Glenn had a judgment in his favor where he was defendant, at the suit of John Garrison—and on an appeal to the Cumberland Pleas, by Garrison, that court reversed the judgment of the Justice, and rendered judgment for the plaintiff there, the appellant.

On the trial of the appeal, the defendant offered to prove that Garrison the plaintiff had said, that the property claimed was not his; but that it belonged to one David Garrison. This evidence, the Court of Common Pleas overruled.

Now if we are to consider this as an action of Trover, and I cannot see that it can be called by any other name, this evidence should have been admitted.

That it was commenced and prosecuted as a case of trover.—the summons, state of demand and every thing shew. It is charged, that the goods were taken, a demand and refusal, and

conversion, as characterizing the case as Trover; and it is very clear that in trover, the defendant may shew the right of property, to be in another, and when the plaintiff himself has declared the fact, it must be a matter surely, which the court or jury should hear.

On this ground, I am satisfied to reverse the judgment of the Common Pleas.

DAYTON, J. This suit was originally commenced before a justice of the peace, by Garrison against Glenn, and a judgment had against the plaintiff below, who thereupon appealed to the Cumberland Pleas; where the judgment of the justice was reversed, and judgment rendered for the appellant—whereupon a state of the case having been made, the judgment was brought into this court, by *Certiorari.*

The demand alleges that Glenn on the 8th of May, 1835, took into his possession, certain goods and chattels, (therein mentioned,) the property of the plaintiff. That the defendant being called on by the plaintiff, to deliver them up, refused and still refuses—and it then further avers that he the defendant has converted them to his own use, to the damage of the plaintiff, &c.

This demand is entitled, " *in Trespass,*" but the cause of action set out in its body, is not Trespass, but Trover. The defendant in different ways may have become possessed of the plaintiff's property—refused to give it up, and converted it to his own use—and yet be no trespasser. These allegations do not necessarily imply *force*—or a *direct* injury. The defendant may have been possessed of the plaintiff's property, by finding—or as a bailee—and his refusal to deliver it up, and conversion thereof, would not make him a trespasser.

But I do not consider the demand good, even in Trover. The fact as well as the time of the finding or taking into possession, is immaterial—being mere inducement to the *conversion,* which is the gist of this action. The injury complained of, and the *time* of the doing of which, should have been laid. 2 *Saund, Pl. & Ev.* 871, and cases cited. The fact that it is unimportant whether or not the *true* time be stated, does not alter the matter: *that* is equally unimportant in Trespass—and yet in that action, a time must be laid. I do not think this is a mere technicality,

which may be dispensed with, in the court for the trial of small causes—for without it, it does not appear that the conversion (the injury complained of) was *before the commencement of the suit.* If this objection be a valid one; to sustain this demand, it must be assumed that the time laid, of the taking, was likewise intended as the time of the conversion—an assumption not justified by the phraseology of this demand,—contrary to the forms of pleading, and generally contrary to the facts proved. This point however, was not raised in the courts below, or noticed on the argument here; but the two following reasons were particularly relied on for a reversal.

1. That the court of Common Pleas overruled an execution against David Garrison, by virtue of which, Glenn had sold the property in controversy, because no judgment was offered to support it. This is assigned for error, inasmuch as no such objection was taken before the justice. But clearly, this did not waive defendant's rights, or legalize the evidence—*Summers* v. *Stratton, Pen.* 245—; *Skillman* v. *Quick,* 1 *South. R.* 102. The evidence was illegal, and the Common Pleas did right in overruling it.

2. That the Court of Common Pleas overruled the declarations and admissions of the plaintiff, (made before and about the time of instituting the suit below) that the cattle and wagon in controversy, were not his, but the property of David Garrison.

This error is well assigned—We have been told that the demand is in Trespass—and that the evidence proves a case of Trespass, not Trover. But whenever trespass lies for taking goods, so will Trover, 2 *Saund. Pl. & Ev.* 881—he may *qualify,* but not *increase* a tort. The summons moreover, is in Trover, nor does the demand charge a trespass, but a taking possession of plaintiff's property,—a demand,—refusal, and conversion. It is to be considered therefore a demand in Trover; and the action from its commencement, can be viewed as nothing else. This being so, it is well settled, that in a case like the present, the defendant may show property out of the plaintiff, and in a third person—2 *Saund. Pl. & Ev.* 887; 3 *Stark. Ev.* 1504; 11 *J. R.* 529; 14 *J. R.* 128; 15 *J. R.* 207; 6 *English Com. L. R.* 467.

The admissions of the plaintiff below, were competent evi-

dence for this purpose, and for the rejection thereof, the judgment of the Common Pleas must be reversed.

HORNBLOWER, CH. J. and FORD, J. concurred. NEVIUS, J. did not hear the argument, and gave no opinion.

*Judgment of Common Pleas reversed.*